


**State of New Jersey**
OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
OFFICE OF THE SOLICITOR GENERAL
PO BOX 080
TRENTON, NJ 08625

PHILIP D. MURPHY
*Governor*

TAHESHA L. WAY
*Lt. Governor*

MATTHEW J. PLATKIN
*Attorney General*

JEREMY M. FEIGENBAUM
*Solicitor General*

August 26, 2025

Patricia S. Dodszuweit, Clerk of Court
U.S. Court of Appeals for the Third Circuit
21400 United States Courthouse
601 Market Street
Philadelphia, PA 19106-1790

Re:   *Atlas Data Privacy Corp v. We Inform, LLC*, No. 25-1555, Fed. R. App. P. 28(j) Response

Dear Ms. Dodszuweit:

*Jackson v. Whitepages, Inc.*, No. 24-cv-102, 2025 WL 2407201 (N.D. W. Va. Aug. 19, 2025), confirms that New Jersey's Daniel's Law is facially constitutional under any standard of review.

*Jackson* addressed New Jersey's law in depth, observing that while it "is narrowly tailored, West Virginia's Daniel's Law is not." *Id.* at *13 n.11. Key was that while West Virginia's law is an opt-out (requiring "written permission" to share information), New Jersey's is an opt-in—meaning there can be no violation before a requestor has complied with New Jersey's "strict notice requirement." *Id.* at *18 (quoting *Kratovil v. City of New Brunswick*, 336 A.3d 201, 217 (N.J. 2025)). This feature ensures that New Jersey's law "is not a trap for the unwary"—in contrast, *Jackson* reasoned, to West Virginia's. *Id.* (quoting *Kratovil*, 336 A.3d at 217).


*New Jersey is an Equal Opportunity Employer · Printed on Recycled Paper and Recyclable*

That *Jackson* applied strict scrutiny makes no meaningful difference. Indeed, *Jackson* read *Kratovil* to apply strict scrutiny "in practice" for its tailoring inquiry—the only contested prong in either case. *Id.* at *13 n.11; *see id.* at *15. Thus, "the only meaningful divergence" was "as to narrow tailoring," and that was "simply a result of differences between the two statutes." *Id.*

Naturally, there are methodological debates to be had. For example, *Jackson* took an overly cramped view of how our Nation's history and tradition of privacy protections for the home can inform the analysis. *Compare* NJAG Br.19-29, *with Jackson*, 2025 WL 2407201, at *14 (reading *Vidal* majority as "non-mandatory" and concurrence as skeptical of "historical forebears"); *id.* (reading another case's declination to apply history at tailoring stage to disfavor history at level-of-scrutiny stage). But *Jackson* also acknowledged that it was bound by different circuit precedent, *id.* at *13 & n.12 (noting *Schrader*), and the methodological arguments here have been well-ventilated. What matters most is that *Jackson* found the West Virginia provision to be "unique among" Daniel's Laws, *id.* at *16, and concluded that it "therefore fails strict scrutiny even as other more narrowly tailored" versions, such as New Jersey's, "pass constitutional muster," *id.* at *18; *see id.* at *17 n.18 (collecting features of these laws).

                              Respectfully submitted,

                              MATTHEW J. PLATKIN
                              ATTORNEY GENERAL OF NEW JERSEY

By:   /s/ Michael L. Zuckerman
       Michael L. Zuckerman
       Deputy Solicitor General

cc: All counsel (via ECF)
Word count: 350